## C. H. Whitesell and A. C. Mason, Appellants, v. W. A. Walters, Appellee.

SALES—*when duty of seller to notify buyer when he will deliver grain.* Where no definite time is fixed in a contract for the sale of large quantities of grain when the same will be delivered, but that is left to the option of the seller, it is his duty to notify the purchaser when he will deliver the same so that the purchaser can be prepared to receive it, and until such notice is given, the seller cannot claim a breach of the contract if the purchaser is not ready to and does not receive it when it is tendered.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the November term, 1917. Affirmed. Opinion filed October 22, 1918.

CHARLES M. PEIRCE, for appellants.

STERLING, LIVINGSTON & WHITMORE, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellants contracted with appellee during the summer of 1916 to sell him 2,600 bushels of oats at 35 cents per bushel, to be delivered at his elevator at Sabina, Illinois, from the threshing machine during the month of August or September, as the same should be threshed. In the latter part of August, 1916, appellants began threshing the oats and delivering them to appellee's elevator. After about 500 bushels had been delivered, appellee notified appellants that he could not take any more then until he could get some cars to ship them in. He finally took one more load and refused to accept any more at that time, or until he could arrange to care for them, on the ground that he had no place to put them, and claiming that the reason why he was not prepared to receive them was because he had no notice of the time appellants proposed to deliver them. In the meantime the price of oats had advanced from 6 to 6½ cents per bushel. The total amount delivered was 541 bushels and 8 pounds. Nothing was ever paid for the oats delivered and appellants brought suit to recover the contract price therefor, and appellee claimed damages by way of recoupment for the failure of appellants to deliver the remainder of the 2,600 bushels contracted for. A verdict for appellants for $76.20 as the remainder due them, after deducting appellee's claim for damages, was returned by the jury.

Where no definite time is fixed in a contract for the sale of large quantities of grain when the same will be delivered, but that is left to the option of the vendor, it is his duty to notify the purchaser when he will deliver the same so that the purchaser can be prepared to receive it. Until such notice is given, the vendor cannot claim a breach of the contract if the purchaser is not prepared to and does not receive it when it is

tendered. *Colvin v. Weedman*, 50 Ill. 311; *Rogers v. Van Hoesen*, 12 Johns. (N. Y.) 222; *Spooner v. Baxter*, 16 Pick. (Mass.) 409.

On the 26th day of August, 1916, when the 541 bushels of oats were delivered, appellee told appellants that he wanted the oats, that he had bought them at 35 cents and desired to sell on the market, but appellants told him he had forfeited his contract, and the remainder of the oats were never delivered to appellee.

The record as presented here shows that appellants were in default and that appellee was damaged to the extent allowed by the jury. Some complaint is made about the rulings of the court on the admission of evidence and in refusing and giving instructions, but they are without merit. The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*